VICTOR J. KANTOR, PLAINTIFF-APPELLEE, v. THE GUARANTEE BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK, NEW JERSEY, AND CHARLES HOOD, DEFENDANTS-APPELLANTS.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE, DALY and DONGES.

For the appellants, *Charles Hood.*

For the appellee, *Harry Loeb.*

PER CURIAM.

Plaintiff brought suit to recover the amount of a check of $500 given to defendant Hood on account of a transaction in which The Guarantee Building and Loan Association had granted a mortgage loan to M. & W. Realty Company. Hood was attorney for the association.

The testimony is to the effect that Kantor gave the check to Hood as a deposit against search fees and that it was to be returned "upon the closing of the mortgage," or as another witness said "to be returned when the loan was closed." Hood testified that the check was given as a retainer. Kantor was not interested in the M. & W. Realty Company. He was an officer in a company which was making sale to the M. & W. Realty Company of the property to be mortgaged.

Hood had information that the mortgage to be executed by the M. & W. Realty Company was in fact executed by persons who were not officers, and were not even stockholders. Thereupon, he caused the mortgage, which had been recorded, to be canceled of record, and no further action was taken to complete the transaction.

Motion was made for a nonsuit as to both defendants. No motion was made for direction of a verdict as to either appellant. In appellants' brief it is stated:

"The defendant-appellant Hood waives the specification for the nonsuit in his behalf, but urges such nonsuit in behalf of the defendant-appellant The Guarantee Building and Loan Association of the city of Newark, New Jersey."

There is no proof of any transaction between Kantor and the association or that any money was paid to Hood for it.

We are unable to find any evidence of any relationship between Kantor and the association, and conclude that the motion to nonsuit as to The Guarantee Building and Loan Association should have been granted.

The case as to Hood is submitted to us on the theory that the preponderance of the evidence favors Hood and not Kantor. The verdict can be set aside only for error in law and not on the weight of the evidence. *Oppicci* v. *Erie Railroad Co.,* 93 *N. J. L.* 394; *Breithart* v. *Lurich,* 98 *Id.* 556.

As the case was submitted to the trial court, it involved disputed questions of fact. Appellant in his brief says that the court should have disregarded the oral testimony which tended to vary a written receipt. There was, however, no motion to the court upon which he was called upon to act, and no suggestion by defendants that the case was to be dealt with except as one of fact. Under these circumstances we conclude that the judgment as to Hood must be affirmed.

The judgment against The Guarantee Building and Loan Association is reversed, with costs, and the judgment against Charles Hood is affirmed, with costs.